# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
01/14/2022
CT Log Number 540885942

**TO:** John Crane Asbestos .
SMITHS GROUP
6400 OAKTON ST
MORTON GROVE, IL 60053-2725

**RE:** **Process Served in Massachusetts**

**FOR:** John Crane Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BRIAN CALLAHAN and MARY CALLAHAN // To: John Crane Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2181CV06631 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/14/2022 at 12:22 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/14/2022, Expected Purge Date: 01/19/2022 |
| | Image SOP |
| | Email Notification,  John Crane Asbestos .  legal-service@johncrane.com |
| | Email Notification,  Christopher S. Doherty  cdoherty@mgmlaw.com |
| | Email Notification,  Christopher Doherty  CDoherty@mgmlaw.com |
| | Email Notification,  Callie Dougherty  cdougherty@mgmlaw.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process
Transmittal**
01/14/2022
CT Log Number 540885942

| | |
|---|---|
| **TO:** | John Crane Asbestos .<br>SMITHS GROUP<br>6400 OAKTON ST<br>MORTON GROVE, IL 60053-2725 |
| **RE:** | **Process Served in Massachusetts** |
| **FOR:** | John Crane Inc.  (Domestic State: DE) |

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                        Fri, Jan 14, 2022

**Server Name:**            Drop Service

| Entity Served | JOHN CRANE INC. |
|---|---|
| Case Number | 2181CV06631 |
| Jurisdiction | MA |



# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 21-6631

BRIAN CALLAHAN,
_____ , PLAINTIFF(S)

V.

NEW ENGLAND INSULATION COMPANY, et al.
_____ , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO JOHN CRANE, INC. _____ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the ____Middlesex Superior____ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, ___Middlesex___ Court,
        ___200 Trade Center, Woburn, MA 01801___ (address), by mail or in person, **AND**
    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: ____Thornton Law Firm LLP, One Lincoln St., 13th Fl., State Street Financial Center, Boston, MA 02111____

3.  **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov/courts/case-legal-res/rules of court.

     *Tracking Order, Civil Action Cover Sheet, and Complaint

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br><br>2181CV06631 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Brian Callahan et al vs. New England Insulation Company et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| TO:  Andrea C. Marino Landry, Esq.<br>Thornton Law Firm LLP<br>One Lincoln St<br>13th Floor<br>Boston, MA 02111 | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |
|---|---|

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 03/30/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 04/29/2022 | |
| All motions under MRCP 12, 19, and 20 | 04/29/2022 | 05/31/2022 | 06/28/2022 |
| All motions under MRCP 15 | 02/23/2023 | 03/27/2023 | 03/27/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 12/20/2023 | | |
| All motions under MRCP 56 | 01/19/2024 | 02/19/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 06/17/2024 |
| Case shall be resolved and judgment shall issue by | | | 12/30/2024 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br><br>**12/30/2021** | ASSISTANT CLERK | PHONE |
|---|---|---|

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: **MIDDLESEX** | Docket Number<br>21-6631 |
|---|---|---|

| PLAINTIFFS:  BRIAN CALLAHAN and MARY CALLAHAN, | DEFENDANTS:  NEW ENGLAND INSULATION COMPANY, et al. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>(617) 720-1333<br>Andrew S. Wainwright, Esq.<br>THORNTON LAW FIRM LLP<br>One Lincoln St., 13th Fl., Boston, MA  02111<br>Board of Bar Overseers number:   560060 | ATTORNEY (if known): |

### Origin code and track designation

Place an x in one box only:

[X] 1. FO1 Original Complaint  
[ ] 2. FO2 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)  
[ ] 3. FO3 Retransfer to Sup.Ct.C.231,s.102C (X)  
[ ] 4. F04 District Court Appeal c.231,s.97 & 104 After trial) (X)  
[ ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass.R.Civ.P.60) (X)  
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B19 | Asbestos | (A) | (X) Yes   (  ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses........ ........................................................................................................ $..see attached..
  2. Total Doctor expenses ......... **RECEIVED**........12/30/2021.................HG.................................... $..see attached..
  3. Total chiropractic expenses ................................................................................................................... $..see attached..
  4. Total physical therapy expenses ............................................................................................................ $..see attached..
  5. Total other expenses (describe) .............................................................................................................. $..see attached..
  
  Subtotal $..see attached..
B. Documented lost wages and compensation to date............................................................................... $..see attached..
C. Documented property damages to date................................................................................................. $..see attached..
D. Reasonably anticipated future medical and hospital expenses ............................................................ $..see attached..
E. Reasonably anticipated lost wages....................................................................................................... $..see attached..
F. Other documented items of damages (describe)
  
  $..see attached..
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
  
  $..see attached..

**TOTAL $6,000,000.00**

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $................**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

Eastern Counties Massachusetts Asbestos Litigation Docket

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform  Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  /s/ Andrew S. Wainwright        DATE:  December 30, 2021
Andrew S. Wainwright, Esq.

A.O.S.C. 3-2007

**Plaintiffs' Attachment to Civil Action Cover Sheet:**

**BRIAN CALLAHAN and MARY CALLAHAN**

**DOCKET NO. 21-** _6631_

     The plaintiff, Brian Callahan suffers from malignant mesothelioma and other asbestos-related diseases.  Although he has incurred substantial doctor, medical, hospital, clinic, therapy and rehabilitative expenses as a result of his treatment for his disease, the plaintiff has no documentation of these expenses at this time.  However, the plaintiff expects that expenses relating to Brian Callahan's asbestos-related diseases will exceed $1,000,000.  The plaintiff has requested copies of Brian Callahan's medical bills which should enable him to more accurately document the medical expenses.  Future medical expenses are likely to exceed $1,000,000.

     As a result of the tortious conduct of the defendants, the plaintiff, Brian Callahan, has been damaged to the extent that he will suffer a dramatic reduction in his life expectancy, experiences great mental and physical pain and suffering and suffers an impairment in his enjoyment of life, and lost earning capacity.  The plaintiff estimates that these damages exceed $2,000,000.

     As a result of her husband's injuries, the plaintiff, Mary Callahan, has suffered and continues to suffer a corresponding loss of consortium with her husband and has suffered and continues to suffer a loss of her husband's services, society and companionship.  The plaintiff estimates that these damages exceed $2,000,000.

     As set forth in their complaint, the plaintiffs are also entitled to compensatory damages.

     The plaintiffs estimate that the total damages exceed $6,000,000 in actual damages plus compensatory damages.

     The plaintiffs reserve the right to amend or supplement this statement.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX: ss.

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT

---

BRIAN CALLAHAN and MARY CALLAHAN,

           Plaintiffs,

v.

NEW ENGLAND INSULATION COMPANY;
METROPOLITAN LIFE INSURANCE COMPANY;
UNION CARBIDE CORPORATION
      f/k/a UNION CARBIDE CHEMICALS
         & PLASTICS COMPANY, INC.;
A. W. CHESTERTON COMPANY;
JOHN CRANE, INC.;
AIR & LIQUID SYSTEMS CORPORATION
      as Successor by Merger to BUFFALO PUMPS, INC.;
ALFA LAVAL, INC. Individually and as Successor to
      THE DE LAVAL SEPARATOR CO. AND SHARPLES, INC.;
AURORA PUMP CO.;
BW/IP INTERNATIONAL, INC., as Successor to BYRON JACKSON PUMPS;
CRANE CO.;
ELECTROLUX HOME PRODUCTS, INC.
      f/k/a WHITE CONSOLIDATED INDUSTRIES, INC.
      f/k/a COPES-VULCAN, INC. and JERGUSON GAGE AND VALVE COMPANY;
FORT KENT HOLDING, INC. f/k/a DUNHAM-BUSH, INC.;
GOULDS PUMPS INCORPORATED;
IMO INDUSTRIES, INC. f/k/a DELAVAL STEAM TURBINE COMPANY;
ITT CORPORATION as Successor to BELL & GOSSETT, HOFFMAN PUMPS,
      KENNEDY VALVES, and McDONNELL & MILLER;
MILWAUKEE VALVE COMPANY, INC.;
STERLING FLUID SYSTEMS (USA), INC., Individually and
      as Successor to PEERLESS PUMP CO.;
VIKING PUMP, INC.;
WARREN PUMPS LLC;
CBS CORPORATION f/k/a VIACOM, INC.,
      Successor by Merger to CBS CORPORATION
      f/k/a WESTINGHOUSE ELECTRIC CORPORATION; and
GENERAL ELECTRIC COMPANY;

           Defendants.

Civil Action
No.: 21- 6631

**COMPLAINT**

**PLAINTIFFS DEMAND
A TRIAL BY JURY**

**RECEIVED**

12/30/2021    HG

---

Now come the plaintiffs, by their attorneys, and file the following complaint:

1.      PARTY PLAINTIFFS

The plaintiffs, Brian Callahan and Mary Callahan, husband and wife, reside at 507 Hastings Road, Middleboro, MA 02346.

2.      PARTY DEFENDANTS

2A.      The defendant, New England Insulation Company, is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 155 Will Drive, Canton, Norfolk County, Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2B.      The defendant, Metropolitan Life Insurance Company, (hereinafter "Metropolitan"), is a foreign corporation which does or has done business in the Commonwealth of Massachusetts.

2C.      The defendant, Union Carbide Corporation f/k/a Union Carbide Chemicals & Plastics Company, Inc., is a Connecticut corporation with a principal place of business outside the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2D.      The defendant, A. W. Chesterton Company, is a corporation incorporated under the laws of the Commonwealth of Massachusetts having a principal place of business located in the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2E.      The defendant, John Crane, Inc., is a Delaware corporation with a principal place of business in the State of Illinois and has conducted business in the Commonwealth of Massachusetts.

2F.     The defendant, Air & Liquid Systems Corporation as Successor by Merger to Buffalo Pumps, Inc., is a foreign corporation with a principal place of business in the State of Pennsylvania and has conducted business in the Commonwealth of Massachusetts.

2G.     The defendant, Alfa Laval, Inc. Individually and as Successor to The De Laval Separator Co. and Sharples, Inc., is a foreign corporation having a principal place of business outside the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2H.     The defendant, Aurora Pump Co., is a foreign corporation with a principal place of business outside the Commonwealth of Massachusetts which has conducted business in the Commonwealth of Massachusetts.

2I.     The defendant, BW/IP International, Inc. as Successor to Byron Jackson Pumps, is a foreign corporation incorporated under the laws of the State of Delaware, having a principal place of business in the State of California, and has conducted business in the Commonwealth of Massachusetts.

2J.     The defendant, Crane Co., is a corporation incorporated under the laws of the State of New York, having a principal place of business in the State of New York and has conducted business in the Commonwealth of Massachusetts.

2K.     The defendant, Electrolux Home Products, Inc. f/k/a White Consolidated Industries, Inc. f/k/a Copes-Vulcan, Inc. and Jerguson Gage & Valve Company, is a foreign corporation, incorporated under the laws of the State of Delaware, with a principal place of business outside the Commonwealth of Massachusetts and on information and belief has conducted business in the Commonwealth of Massachusetts.

3

2L.     The defendant, <u>Fort Kent Holdings, Inc. f/k/a Dunham-Bush, Inc.,</u> is a foreign corporation with a principal place of business outside the Commonwealth of Massachusetts which has done business in Massachusetts.

2M.     The defendant, <u>Goulds Pumps Incorporated,</u> is a foreign corporation, with a principal place of business outside the Commonwealth of Massachusetts, which has conducted business in the Commonwealth of Massachusetts.

2N.     The defendant, <u>IMO Industries, Inc. f/k/a DeLaval Steam Turbine Company</u>, is a foreign corporation, with a principal place of business in the State of New Jersey, and has conducted business in the Commonwealth of Massachusetts.

2O.     The defendant, <u>ITT Corporation as Successor to Bell & Gossett, Hoffman Pumps, Kennedy Valves, and McDonnell & Miller,</u> is a foreign corporation incorporated under the laws of the State of Indiana having a principal place of business in White Plains, New York, and has conducted business in the Commonwealth of Massachusetts.

2P.     The defendant, <u>Milwaukee Valve Company, Inc.,</u> is a corporation incorporated under the laws of the State of Wisconsin and has a principal place of business in the State of Wisconsin and has conducted business in the Commonwealth of Massachusetts.

2Q.     The defendant, <u>Sterling Fluid Systems (USA), Inc., Individually and as Successor to Peerless Pump Co.,</u> is a foreign corporation incorporated under the laws of the State of Delaware, having a principal place of business in the State of Indiana, and has conducted business in the Commonwealth of Massachusetts.

2R.     The defendant, <u>Viking Pump, Inc.,</u> is a corporation incorporated under the laws of the State of Delaware, having a principal place of business in the State of New York and has conducted business in the Commonwealth of Massachusetts.

4

2S.    The defendant, <u>Warren Pumps LLC</u>, is a domestic corporation incorporated under the laws of the Commonwealth of Massachusetts having a principal place of business located in Warren, Massachusetts and has conducted business in the Commonwealth of Massachusetts.

2T.    The defendant, <u>CBS Corporation f/k/a Viacom, Inc., Successor by Merger to CBS Corporation f/k/a Westinghouse Electric Corporation</u>, is a foreign corporation having a principal place of business located in the State of Pennsylvania and has conducted business in the Commonwealth of Massachusetts.

2U.    The defendant, <u>General Electric Company</u>, is a New York corporation having a principal place of business outside the Commonwealth of Massachusetts and has conducted business in the Commonwealth of Massachusetts.

As used in this Complaint, the term "defendant" shall include any party defendants identified in paragraphs 2A-2U hereof, and their predecessors, which shall include, but is not limited to, any person, corporation, company or business entity: which formed part of any combination, consolidation, merger or reorganization from which any party defendant was created or was the surviving corporation; whose assets, stock, property, products or product line was acquired by any party defendant; whose patent rights, trademark rights, trade secrets or goodwill was acquired by any party defendant; or, which was dominated or controlled by any party defendant to such an extent that said party defendant was the "alter ego" of said corporation.

3.    The plaintiffs' cause of action arises from the defendants: (a) transacting business in Massachusetts; (b) contracting to supply and/or sell goods in Massachusetts; (c) doing or causing a tortious act to be done within Massachusetts; and/or, (d) causing the consequence of a tortious act to occur within Massachusetts.

4.      The plaintiff, Brian Callahan, was exposed to defendants' asbestos and asbestos-containing materials while living with his father, Robert Callahan, who worked as a pipe coverer in the Commonwealth of Massachusetts and other states from approximately 1949 to 1968; and while serving as a machinist mate in the United States Navy, from approximately 1968 to the 1970's.

5.      During the period of time set forth in Paragraph 4, the plaintiff, Brian Callahan, was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were mined, milled, manufactured, fabricated, supplied, sold, and/or specified by the defendant corporations.

6.      The asbestos and asbestos-containing products which the plaintiff, Brian Callahan, was exposed to were mined, milled, manufactured, fabricated, supplied, sold, and/or specified by the defendant corporations, acting through their duly authorized agents, servants, and employees, who were then and there acting in the course and scope of their employment and in furtherance of the business of the defendants.

7.      At all times pertinent hereto, the defendant corporations were engaged in the business of mining, milling, manufacturing, fabricating, supplying, and/or selling asbestos and asbestos-containing products and/or equipment which included and/or specified asbestos and asbestos-containing products to be used thereon or therein.

8.      At all times pertinent hereto, the asbestos products were products mined, milled, manufactured, fabricated, supplied and/or sold by the defendant corporations and reached the plaintiff, Brian Callahan, without any substantial change in the condition of the product or products from the time that they were sold.

6

## COUNT I - NEGLIGENCE FOR NON-NAVAL EXPOSURE

9.     The plaintiffs reallege the allegations of Paragraphs 1 through 8 of the Complaint, and by reference, make them part of this Count.

10.     The allegations within this Count I are limited to all of the plaintiff's exposures to asbestos not including exposure arising out of the construction and maintenance of ships intended for use as Naval vessels.

11.     It was the duty of the defendant corporations to use and exercise reasonable and due care in the manufacture, fabricating, testing, inspection, production, marketing, packaging and sale of their asbestos and asbestos-containing products or equipment.

12.     It was also the duty of the defendant corporations to provide detailed and adequate instructions relative to the proper and safe handling and use of their asbestos and asbestos products and equipment, and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and asbestos-containing products and equipment.

13.     It was the continuing duty of the defendant corporations to advise and warn purchasers, consumers, users, and prior purchasers, consumers, and users of all dangers, characteristics, potentialities and defects discovered subsequent to their initial marketing or sale of their asbestos and asbestos-containing products and equipment.

14.     Yet, nevertheless, wholly disregarding the aforesaid duties, the defendant corporations breached their duties by: (a) failing to warn the plaintiff of the dangers, characteristics, and potentialities of their asbestos-containing product or products when the defendant corporations knew or should have known that exposure to their asbestos-containing products would cause disease and injury; (b) failing to warn the plaintiff of the dangers to which he was exposed when they knew or should have known of the dangers; (c) failing to exercise

7

reasonable care to warn the plaintiff of what would be safe, sufficient, and proper protective

clothing, equipment, and appliances when working with or near or being exposed to their

asbestos and asbestos-containing products; (d) failing to provide safe, sufficient and proper

protective clothing, equipment and appliances with their asbestos-containing product or

products; (e) failing to test their asbestos and asbestos products in order to ascertain the extent of

dangers involved upon exposure thereto; (f) failing to conduct such research as should have been

conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon

exposure to their asbestos and asbestos-containing products; (g) failing to remove the product or

products from the market when the defendant corporations knew or should have known of the

hazards of exposure to their asbestos and asbestos-containing products; (h) failing upon

discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn

and apprise the plaintiff of the dangers, hazards, and potentialities discovered; (i) failing upon

discovery of the dangers, hazards, and potentialities of exposure to asbestos to package said

asbestos and asbestos-containing products so as to eliminate said dangers, hazards, and

potentialities; (j) specifying the use of asbestos and asbestos-containing material in the

installation, and expected routine maintenance of the defendants' equipment without providing

adequate warning to those who would foreseeably come into contact with such asbestos and

asbestos-containing material (k) failing to provide an adequate warning to those who would

foreseeably come into contact with asbestos and asbestos-containing material which was

specified, recommended, required or necessarily used in the installation and/or continued

maintenance of the defendants' equipment and, (l) generally using unreasonable, careless, and

negligent conduct in the manufacture, fabricating, supply, or sale of their asbestos and asbestos-

containing products.

15.     As a direct and proximate result of the unreasonable, careless, and negligent conduct of the defendant corporations, the plaintiff, Brian Callahan, has developed malignant mesothelioma and other asbestos-related disease, as a result of which the plaintiff, Brian Callahan, has incurred medical expenses, suffered a dramatic reduction in his life expectancy, incurred great mental and physical pain and suffering, and suffered an impairment in his enjoyment of life, which damages are continuing in nature.

16.     The defendants knew, or with the reasonable exercise of care, should have known of the dangerous characteristics, properties, and potentialities of asbestos and asbestos-containing products.

WHEREFORE, the plaintiff, Brian Callahan, demands compensatory damages, plus interest and costs.

## COUNT II - BREACH OF EXPRESSED AND IMPLIED WARRANTIES FOR NON-NAVAL EXPOSURE

17.     The plaintiffs reallege the allegations of Paragraphs 1 through 16 of the Complaint, and by reference, make them part of this Count.

18.     The allegations within this Count II are limited to all of the plaintiff's exposures to asbestos not including exposure arising out of the construction and maintenance of ships intended for use as Naval vessels.

19.     The plaintiff was a person whom the defendants could reasonably have expected to use, consume, or be affected by the defendants' asbestos and asbestos-containing products or equipment within the meaning of Massachusetts General Laws ch. 106, §2-318, as the defendants knew or had reason to know that their asbestos-containing products would be used in the insulation, construction and/or ship building industry and that individuals such as the plaintiff would come in contact with such asbestos materials.

9

20.     The defendants expressly and impliedly warranted that the asbestos and asbestos-containing products and equipment described above were merchantable, safe, and fit for their ordinary and the particular purposes and requirements of the plaintiff.

21.     The defendants had reason to know of the particular purposes for which their asbestos and asbestos-containing products and equipment would be used.

22.     The plaintiff relied upon the defendants' skill or judgment in selecting suitable mechanical material, insulation or construction products for safe use.

23.     The defendants breached these warranties, in that the asbestos-containing products and equipment they sold were not merchantable, safe, suitable, or fit for their ordinary or particular purposes.

24.     As a direct and proximate result of the defendants' breach of warranties, the plaintiff, Brian Callahan, has developed malignant mesothelioma and other asbestos-related disease, as a result of which the plaintiff, Brian Callahan, has incurred medical expenses, suffered a dramatic reduction in his life expectancy, incurred great mental and physical pain and suffering, and suffered an impairment in his enjoyment of life, which damages are continuing in nature.

WHEREFORE, the plaintiff, Brian Callahan, demands compensatory damages, plus interest and costs.

## COUNT III - NEGLIGENCE FOR NAVAL EXPOSURE

25.     The plaintiffs reallege the allegations of Paragraphs 1 through 24 of the Complaint, and by reference, make them part of this Count.

26.     The allegations within this Count III are limited to the plaintiff's exposures arising out of the construction and maintenance of naval vessels.

10

27.     It was the duty of the defendant corporations to provide detailed and adequate instructions relative to the proper and safe handling and use of their asbestos and asbestos products and equipment, and to provide detailed and adequate warnings concerning any and all dangers, characteristics, and potentialities of their asbestos and asbestos-containing products or equipment.

28.     It was the continuing duty of the defendant corporations to advise and warn purchasers, consumers, users, and prior purchasers, consumers, and users of all dangers, characteristics, potentialities and defects discovered subsequent to their initial marketing or sale of their asbestos and asbestos-containing products and equipment.

29.     Yet, nevertheless, wholly disregarding the aforesaid duties, the defendant corporations breached their duties by:  (a) failing to warn the plaintiff of the dangers, characteristics, and potentialities of their asbestos-containing product or products when the defendant corporations knew or should have known that exposure to their asbestos-containing products would cause disease and injury; (b) failing to warn the plaintiff of the dangers to which he was exposed when they knew or should have known of the dangers; (c) failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos and asbestos-containing products; (d) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered; (e) failing to provide an adequate warning to those who would foreseeably come into contact with asbestos and asbestos-containing material which was specified, recommended, required or necessarily used in the installation and/or continued maintenance of the defendants' equipment.

11

30.     As a direct and proximate result of the unreasonable, careless, and negligent conduct of the defendant corporations, the plaintiff, Brian Callahan, has developed malignant mesothelioma and other asbestos-related disease, as a result of which the plaintiff, Brian Callahan, has incurred medical expenses, suffered a dramatic reduction in his life expectancy, incurred great mental and physical pain and suffering, and suffered an impairment in his enjoyment of life, which damages are continuing in nature.

31.     The defendants knew, or with the reasonable exercise of care, should have known of the dangerous characteristics, properties, and potentialities of asbestos and asbestos-containing products.

WHEREFORE, the plaintiff, Brian Callahan, demands compensatory damages, plus interest and costs.

<u>COUNT IV - BREACH OF EXPRESSED AND IMPLIED WARRANTIES<br>FOR NAVAL EXPOSURE</u>

32.     The plaintiffs reallege the allegations of Paragraphs 1 through 31 of the Complaint, and by reference, make them part of this Count.

33.     The allegations within this Count IV are limited to the plaintiff's exposures arising out of the construction and maintenance of naval vessels.

34.     The plaintiff was a person whom the defendants could reasonably have expected to use, consume, or be affected by the defendants' asbestos and asbestos-containing products and equipment or equipment within the meaning of Massachusetts General Laws ch. 106, §2-318, as the defendants knew or had reason to know that their asbestos-containing products would be used in the insulation, construction and/or ship building industry and that individuals such as the plaintiff would come in contact with defendants' asbestos materials and asbestos materials which were specified or known to be used in and upon defendants' equipment.

12

35.     The defendants expressly and impliedly warranted that the asbestos and asbestos-containing products and equipment described above were merchantable, safe, and fit for their ordinary and the particular purposes and requirements of the plaintiff.

36.     The defendants breached the warranty of merchantability by failing to adequately warn the plaintiff of the dangers of their asbestos and/or asbestos-containing products and equipment, of the hazards of inhalation of asbestos-containing dust and of the ability of asbestos to migrate through the air and upon the clothing and person of those working with or in the vicinity of such products.

37.     As a direct and proximate result of the defendants' breach of warranties, the plaintiff, Brian Callahan, has developed malignant mesothelioma and other asbestos-related disease, as a result of which the plaintiff, Brian Callahan, has incurred medical expenses, suffered a dramatic reduction in his life expectancy, incurred great mental and physical pain and suffering, and suffered an impairment in his enjoyment of life, which damages are continuing in nature.

WHEREFORE, the plaintiff, Brian Callahan, demands compensatory damages, plus interest and costs.

## COUNT V - CONSPIRACY OR CONCERT OF ACTION:  METROPOLITAN ONLY

38.     The plaintiffs reallege the allegations of Paragraphs 1 through 37 of the Complaint, and by reference, make them part of this Count.

39.     In addition, during the time period set forth in Paragraph 4, the plaintiff, Brian Callahan, was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust, fibers, and particles came from the asbestos or asbestos-containing products which were mined, milled, manufactured, fabricated, supplied and/or sold by the Johns Manville Corporation (hereinafter "Manville") and/or Raymark Industries, Inc. (hereinafter "Raymark").

13

40.     The defendant, Metropolitan Life Insurance Company, (hereinafter "Metropolitan") together with Manville, Raymark and other persons and entities, known and unknown at times relevant hereto, engaged in a conspiracy or concert of action to inflict injury on the plaintiff, Brian Callahan, and to withhold, alter, suppress and misrepresent information about the health effects of asbestos exposure.  One or more of said conspirators did cause tortious injury to the plaintiff, Brian Callahan, in the course of or as a consequence of the conspiracy or concert of action.  The conspiracy and concert of action included, but was not limited to the active cover up of information concerning the health hazards of asbestos and further manipulated the results of studies concerning asbestos to falsely report the nature of same.

41.     The plaintiffs further allege that Metropolitan, Manville, Raymark and/or their predecessors in interest knowingly agreed, contrived, combined, confederated and conspired among themselves to cause the plaintiff, Brian Callahan's, injuries, diseases, and/or illnesses by exposing the plaintiff, Brian Callahan, to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.  Metropolitan, Manville, and Raymark further knowingly agreed, contrived, combined, confederated and conspired to deprive the plaintiff, Brian Callahan, of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers.  In this connection, the plaintiffs have sued the Metropolitan Life Insurance Company in its capacity as a conspirator and because it committed tortious act in concert with others pursuant to a common design.  Metropolitan, Manville, and Raymark committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Manville's and/or Raymark's

14

asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

Said misrepresentations were false, incomplete, and misleading and constitute negligent misrepresentations as defined by Sections 311 and 522 of the Restatement (Second) of Torts.

42.     The plaintiff, Brian Callahan, reasonably and in good faith relied upon the false and fraudulent representations, omissions, failures, and concealments made by Metropolitan, Manville, and Raymark regarding the nature of their asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

43.     As a direct and proximate result of the conspiracy and concert of action between Metropolitan, Manville and Raymark, the plaintiff, Brian Callahan, was deprived of the opportunity of informed free choice in connection with the use of and exposure to Manville and Raymark's asbestos and asbestos-containing products, and therefore continued to work with and be exposed to the co-conspirator corporation's asbestos and asbestos-containing products and as a result contracted asbestos-related diseases and other conditions, and/or aggravated pre-existing conditions, as a result of which the plaintiff, Brian Callahan, suffered a dramatic reduction of his life expectancy, incurred great mental and physical pain and suffering, sustained lost wages and lost earning capacity, incurred medical expenses, and his enjoyment of life has been greatly impaired, which damages are continuing in nature.

WHEREFORE, the plaintiff, Brian Callahan, demands compensatory damages, plus interest and costs.

## COUNT IV - UNDERTAKING OF SPECIAL DUTY:  METROPOLITAN ONLY

44.     The plaintiffs reallege the allegations of Paragraphs 1 through 43 of the Complaint, and by reference, make them part of this Count.

45.     The defendant Metropolitan, through its Policyholders Service Bureau, undertook duties owed by entities which manufactured, sold, supplied, or distributed asbestos-containing products, including Manville and Raymark to the plaintiff, Brian Callahan, by testing of asbestos workers and the conduct of scientific studies.  In undertaking these duties, Metropolitan knew or should have known that it was providing testing services for the ultimate protection of third persons, including the plaintiff, Brian Callahan.

46.     In both conducting said tests and publishing their alleged results, Metropolitan failed to exercise reasonable care to conduct or publish complete, adequate, and accurate tests of the health effects of asbestos.  Metropolitan also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure. In so acting, Metropolitan breached their special responsibility by failing to exercise reasonable care to protect their undertaking, as described above.

47.     The plaintiff, Brian Callahan, unwittingly but justifiably relied upon the thoroughness of Metropolitan's tests and information dissemination, the results of which Metropolitan published in leading medical journals.

48.     In failing to test fully and adequately for the adverse health effects from exposure asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with entities which manufactured, sold, supplied, or distributed asbestos-containing products, including Manville and Raymark materially to understate the hazards of asbestos exposure, all for pecuniary profit and gain, Metropolitan acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the plaintiff, Brian Callahan.

16

49.     As a direct and proximate result of Metropolitan's failures to conduct or accurately publish adequate test or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to the plaintiff, Brian Callahan, from asbestos exposure was increased, and (ii) the plaintiff, Brian Callahan, contracted asbestos-related diseases and other conditions, and/or aggravated pre-existing conditions, as a result of which the plaintiff, Brian Callahan, suffered a dramatic reduction of his life expectancy, incurred great mental and physical pain and suffering, sustained lost wages and lost earning capacity, incurred medical expenses, and his enjoyment of life has been greatly impaired, which damages are continuing in nature.

WHEREFORE, the plaintiff, Brian Callahan, demands compensatory damages, plus interest and costs.

## COUNT VII - LOSS OF CONSORTIUM

50.     The plaintiffs reallege the allegations of Paragraphs 1 through 49 of the Complaint, and by reference, make them part of this Count.

51.     The plaintiff, Mary Callahan, is the wife of Brian Callahan and at all pertinent times was the wife of Brian Callahan.

52.     As a direct and proximate result of the breach of duty and wrongdoing of the defendants and the resultant injury to Brian Callahan as more particularly described in Counts I through VI, the plaintiff, Mary Callahan, suffered a loss of her right to consortium with her husband and the loss of her husband's services, society and companionship, and has suffered great mental anguish.

WHEREFORE, the plaintiff, Mary Callahan, demands compensatory damages, plus interest and costs.

17

The plaintiffs demand a trial by jury on all issues.

DATED:  December 30, 2021                    Respectfully submitted,


                                             */s/ Andrew S. Wainwright*
                                             Andrew S. Wainwright, Esq.   (BBO# 560060)
                                             **THORNTON LAW FIRM LLP**
                                             One Lincoln St., 13th Fl.
                                             State Street Financial Center
                                             Boston, MA 02111
                                             (617) 720-1333   FAX (617)720-2445
                                             awainwright@tenlaw.com

18